105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ben W. ALLUSTIARTE and Linda M. Allustiarte, Debtors
Ben W. ALLUSTIARTE; Linda M. Allustiarte, Debtors-Appellants,
v.
W. Austin COOPER, Trustee-Appellee.
 No. 95-16285.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 12 debtors Ben and Linda Allustiarte appeal the district court's affirmance of the bankruptcy court's order determining that they have a $40,000 homestead exemption under California Civil Code §§ 1260 and 1261. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 "We review de novo the district court's review of a bankruptcy court's decision." Great W. Bank v. Sierra Woods Group, 953 F.2d 1174, 1176 (9th Cir.1992). We review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. Id.
 
 
 4
 Here, in its conclusions of law, the bankruptcy court held, "[t]he applicable homestead exemption amount is determined at the filing of the petition for bankruptcy." Based upon California Civil Code § 1260, on the date the Allustiartes filed their petition, that amount was $40,000. The Allustiartes contend that they are entitled to a $100,000 homestead exemption based upon amendments to California law[1] that were made subsequent to the filing of their bankruptcy petition. The Allustiartes' contention lacks merit because the bankruptcy court correctly held that the Allustiartes were not entitled to the $100,000 homestead exemption that California subsequently allowed after their petition was filed.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1260 has been repealed. The homestead exemption is now codified at Cal.Civ.Proc.Code § 704.730
 
 
 [2]
 Because of our disposition of this case, Cooper's motion to dismiss is denied. Furthermore, Cooper's motion for sanctions pursuant to Fed.R.App.P. 38 is denied